IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PATRICIA ANN EARL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  08-3224 |
| ) | |
| H.D. SMITH WHOLESALE ) | |
| DRUG CO. and JOHN D'AMARO, ) | |
| ) | |
| Defendants. ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendant John D'Amaro's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Motion) (d/e 10).  Plaintiff Patricia Ann Earl filed a Response to D'Amaro's Motion to Dismiss (d/e 17).  For the reasons stated below, the Motion is denied in part and allowed in part.

## FACTS

According to the Complaint (d/e 1), Earl worked as a vice president for Defendant H.D. Smith Wholesale Drug Co. (H.D. Smith), a pharmaceutical distributor headquartered in Springfield, Illinois, from May 16, 2005, until

1

she was terminated February 8, 2008.[1]  Until H.D. Smith hired her, the company's Executive Team was entirely male.  After Earl joined the staff, H.D. Smith hired another woman as a vice president, but in January of 2008, the company terminated this woman.  That month and the next, the company also terminated several female managers.

In the months leading up to January of 2008, Earl led the negotiation of a major contract with a Pennsylvania hospital system.  During these negotiations, the hospital system complained to Earl about payment problems with H.D. Smith.  These complaints were brought to the attention of D'Amaro, H.D. Smith's Chief Financial Officer.  Earl alleges that "[o]n or about January 31, 2008, D'Amaro, unfairly and untruly accused plaintiff of acting in an unethical manner in relationship to the contract. . . .  This untrue allegation of unethical conduct was reported to Earl's superior, and Earl was terminated on February 8, 2008." Complaint ¶¶ 19-20.  Further, Earl claims that "D'Amaro's accusation of unethical behavior was untrue when he published it to H. Dale Smith, the president and CEO of H.D. Smith." Id. ¶ 42.  Earl does not know the content of D'Amaro's accusation, and she received no opportunity to refute it.  She alleges that as a result of

---

[1] For purposes of this Motion, all facts alleged in the Complaint are assumed to be true.

2

her termination, she has lost income and suffered great emotional distress.

On October 9, 2008, Earl filed a seven-count Complaint in this Court. She has brought federal employment discrimination claims against H.D. Smith, and Counts IV, V, and VI are supplemental state law claims against D'Amaro.[2] In Count IV, she alleges that D'Amaro defamed her to the president and CEO of H.D. Smith when he accused her of unethical behavior. In Count V, she alleges that D'Amaro's accusation amounted to intentional infliction of emotional distress. In Count VI, she accuses D'Amaro of intentional interference with her employment contract with H.D. Smith.

## ANALYSIS

D'Amaro has moved to dismiss Counts IV, V, and VI under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides that dismissal is proper where a complaint fails to state a claim on which relief can be granted. When a complaint's allegations do not "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level,'" the Court must dismiss. EEOC v. Concentra Health Svs., Inc., 496

---

[2] The Court finds that it has federal question jurisdiction over Counts I, II, and VII because they all allege violations of federal statutes. See 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Counts III, IV, V, and VI, which allege violations of state law arising from the same general set of facts. See 28 U.S.C. § 1367.

F.3d 773, 777 (7th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Indeed, the Supreme Court has held that Bell Atlantic "retired the Conley no-set-of-facts test" prohibiting dismissal unless the complaint established that the plaintiff could prove no set of facts entitling her to relief. Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1944 (2009). Now, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 1949. According to the Seventh Circuit, a claim that is plausible on its face provides the defendant fair notice of what the claim is and the grounds upon which it rests. Moore v. FBI, 283 Fed.Appx. 397, 399 (7th Cir. 2008).

For purposes of a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in a complaint. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Here, for the purpose of ruling on the pending Motion, the Court has accepted as true the factual allegations in Earl's Complaint. Based on these facts, Counts IV and VI survive D'Amaro's Motion, but Count V is dismissed without prejudice.

I.      COUNT IV: EARL'S CLAIM FOR DEFAMATION

First, the Court denies the Motion to dismiss Count IV. D'Amaro argues that Count IV should be dismissed for failure to state a claim of defamation because an accusation that someone is "unethical" is too vague to constitute the objectively verifiable statement of fact necessary for a defamation claim. In Illinois, a plaintiff alleging defamation must establish that: (1) the defendant made a false statement about the plaintiff; (2) the defendant made an unprivileged publication of that statement to a third party; and (3) the publication caused damages. Solaia Tech., LLC v. Specialty Pub. Co., 852 N.E.2d 825, 839 (Ill. 2006). A statement imputing a lack of integrity in the discharge of employment can constitute defamation per se. Kolegas v. Heftel Broadcasting Corp., 607 N.E.2d 201, 208 (Ill. 1992)

Yet, statements of opinion generally are not actionable. Owen v. Carr, 497 N.E.2d 1145, 1148 (Ill. 1986). Only if a statement of opinion is actually a false assertion of fact can it constitute defamation. Kolegas, 607 N.E.2d at 209; see also Milkovich v. Lorain Journal Co., 497 U.S. 1, 19 (1990). The vaguer and more general an opinion, the less likely it is an objectively verifiable assertion of fact. Wynne v. Loyola Univ. of Chicago,

741 N.E.2d 669, 676 (Ill.App. 1st Dist. 2000). Moreover, even an easily understood term can be nonactionable if it is so broad that it lacks the detail necessary to confer a precise meaning. Hopewell v. Vitullo, 701 N.E.2d 99, 104 (Ill.App. 1st Dist. 1998). For example, while the term "incompetent" is easily understood, it is too broad to be defamatory. Id. Similarly, the term "crappy" also is not defamatory. J. Maki Constr. Co. v. Chicago Regional Council of Carpenters, 882 N.E.2d 1173, 1183 (Ill.App. 2d Dist. 2008).

According to D'Amaro, Earl's claim that he accused her of acting in an unethical manner cannot succeed because the word "unethical" is so broad that it lacks the precision necessary for a factual statement. Yet, Count IV does not allege that D'Amaro explicitly called Earl "unethical." It does not specify what words D'Amaro allegedly used. Indeed, Earl indicates that she does not know the exact content of D'Amaro's accusation; she knows only that on or about January 31, 2008, he accused her of some form of unethical conduct regarding the contract she was negotiating. The Court cannot conclude at this point that the allegedly defamatory statement is not factually verifiable.

Moreover, Earl's allegation provides D'Amaro sufficient notice to

6

defend against her claim. While some district courts in this circuit have ruled that a defamation plaintiff must set forth the allegedly defamatory words with specificity to survive a motion to dismiss, even they have not held that a verbatim recitation is necessary. See Cowgill v. Whitewater Pub., 2008 WL 2266367, at *1 (S.D.Ind. May 29, 2008); Fishering v. City of Chicago, 2008 WL 834436, at *2 (N.D.Ill. March 27, 2008); United Laboratories, Inc. v. Savaiano, 2007 WL 4557095, at *11 (N.D. Ill. Dec. 21, 2007); Robinson v. Morgan Stanley, 2007 WL 2815839, at *7 (N.D. Ill. Sept. 24, 2007). Moreover, this Court is persuaded by the line of cases holding that a plaintiff need only allege the substance of the words at issue, provided her allegation contains sufficient contextual detail to provide a defendant notice of the alleged statement underlying the defamation claim. See Wright v. Sodexho Marriott Services, 30 Fed.Appx. 566, 566-67 (6th Cir. 2002); Nuzzi v. Bourbonnais Elem. Sch. Dist., 2007 WL 3253200, at *6 (C.D.Ill. Oct. 30, 2007).

Here, it is clear that a statement D'Amaro allegedly made to H.D. Smith on or about January 31, 2008, regarding unethical behavior by Earl in connection with the Pennsylvania hospital contract she was negotiating, forms the basis of her defamation claim. Earl has provided D'Amaro enough

contextual detail to figure out what she claims he did; he has fair notice of what her claim is and the grounds upon which it rests. Thus, the Court will not dismiss Count IV.

II.   COUNT V: EARL'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Count V, however, must be dismissed. D'Amaro argues that Count V fails to state a claim for intentional infliction of emotional distress because D'Amaro's alleged accusation of unethical behavior, even if false, does not rise to the level of extreme and outrageous conduct. To establish a claim for intentional infliction of emotional distress, a plaintiff must show: (1) extreme and outrageous conduct; (2) by the defendant, who either intended that his conduct inflict severe emotional distress or knew that it was highly probable that his conduct would cause severe emotional distress; and (3) severe emotional distress resulting from the defendant's conduct. Honaker v. Smith, 256 F.3d 477, 490 (7th Cir. 2001) (applying Illinois law). Here, Earl's failure to include the details of D'Amaro's alleged accusation of unethical conduct dooms her claim.

An employee who complains of mistreatment at the hands of a supervisor typically cannot establish extreme or outrageous conduct. "Employers often and necessarily take actions during the course of business

that result in emotional distress, but those actions cannot be classified as extreme and outrageous unless they go well beyond the parameters of the typical workplace dispute." Lewis v. School Dist. #70, 523 F.3d 730, 747 (7th Cir. 2008). The standard for extreme and outrageous conduct is quite high. "In order to meet the threshold for intentional infliction of emotional distress, the defendant's conduct must extend beyond the bounds of human decency and be considered intolerable in a civilized community." Id. Common disagreements and job-related stressors do not suffice. Id.

Courts recognize a workplace claim for intentional infliction of emotional distress only in the most extreme circumstances, such as the berating of a female employee for missing work while hospitalized for premature labor, sexually harassing an employee to the point of threatening to rape and kill her, and intimidating an employee into falsifying work reports in violation of the law. See Patterson v. Xerox Corp., 901 F.Supp. 274, 279 (N.D. Ill. 1995) (berating pregnant employee for missing work while hospitalized); Pavilon v. Kaferly, 561 N.E.2d 1245, 1251 (Ill.App. 1st Dist. 1990) (threatening to rape and kill an employee); Milton v. Ill. Bell Tel. Co., 427 N.E.2d 829, 832 (Ill.App. 1st Dist. 1981) (harassing and coercing employee to falsify work reports). Earl has not claimed anything

9

rising to this level.

The vast majority of workplace allegations of unethical behavior, even when untrue, do not amount to extreme or outrageous conduct. For example, in Witkowski v. St. Anne's Hospital of Chicago, Inc., an Illinois appellate court held that a plaintiff who alleged that her employer falsely accused her of "unprofessional behavior" and neglecting her patients did not commit extreme or outrageous conduct. Witkowski, 447 N.E.2d 1016, 1018, 1022 (Ill.App. 1st Dist. 1983). Similarly, in Balark v. Ethicon, Inc., the court held that a defendant employer who sent the terminated plaintiff a letter stating that it had discharged the plaintiff for creating a workplace disturbance and making false and malicious criminal accusations against his supervisor also did not commit extreme or outrageous conduct. Balark, 575 F.Supp. 1227, 1231 (N.D.Ill. 1983).

It is possible that the details of D'Amaro's alleged accusation of unethical conduct could be extreme and outrageous, but that is no longer enough to survive a motion to dismiss. The Supreme Court has "retired" the old standard allowing dismissal only where a plaintiff could plead no set of facts entitling her to relief. Ashcroft, 129 S.Ct. at 1944. Now, even under notice pleading, a complaint must contain "sufficient factual matter"

to state a claim "that is plausible on its face." Id. at 1949. Given that typical workplace accusations of unethical behavior do not constitute extreme and outrageous conduct, Earl's claim does not plausibly suggest that she has more than a speculative right to relief.

### III. COUNT VI: EARL'S CLAIM FOR INTENTIONAL INTERFERENCE WITH THE EMPLOYMENT RELATIONSHIP

Finally, the Court also denies the Motion to dismiss Count VI. D'Amaro asserts that Earl's Count VI fails to state a claim against him for intentional interference with the employment relationship. D'Amaro argues that Earl's allegations against him amount to a claim against H.D. Smith, which would be improper because a party cannot interfere with its own employment contract. He is incorrect.

To prove that D'Amaro tortiously interfered with Earl's employment contract, Earl must show: (1) the existence of a valid and enforceable contract between her and H.D. Smith; (2) D'Amaro's awareness of this contractual relationship; (3) D'Amaro's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by H.D. Smith, caused by D'Amaro's wrongful conduct; and (5) damages. See Lombardi v. Bd. of Trustees Hinsdale Sch. Dist. 86, 463 F.Supp. 2d 867, 872 (N.D.Ill. 2006) (applying Illinois law). "[An] entity cannot be liable in

tort for interfering with its own contract," however. Id. (internal quotation marks omitted). Thus, Earl previously conceded that her Count VI claim against H.D. Smith should be dismissed, and the Court dismissed this claim.

D'Amaro essentially contends that as an H.D. Smith employee, he also should be considered a party to the contract. He points to Lombardi for support. In Lombardi, the district court dismissed intentional interference claims brought by a high school teacher and coach against both his employer, the Board of Education, and the school superintendent, principal, and athletic director. Id. at 872-73. While the Board was technically the only party to the plaintiff's employment contract, the court held that the individual defendants were agents of the Board, and therefore a claim against them was "tantamount to a claim against the Board." Id. at 873.

Yet, Lombardi does not support the argument that an employer's employees can never be held liable on an intentional interference claim involving an employment contract. The Lombardi court relied on Fiumetto v. Garrett Enterprises, Inc. in dismissing the claims against the individual defendants. Fiumetto, 749 N.E.2d 992 (Ill.App. 2d Dist. 2001). In Fiumetto, the court held only that where a defendant employee was acting "in her official capacity, she was acting on behalf of the corporation," and

therefore could not have tortiously interfered with the corporation's contract. Id. at 1004.

Here, Earl's Complaint specifically contends that D'Amaro made his accusation regarding unethical conduct "for no purpose serving the interests of the company." Complaint, ¶ 54. Moreover, whether an employee was acting within the scope of his employment in the events underlying the intentional interference claim is not an element of the tort. Ramsey v. Greenwald, 414 N.E.2d 1266, 1273 (Ill.App. 2d Dist. 1980). Thus, while Earl has done so, a plaintiff need not allege that the defendant was not acting in the scope of his employment to survive a motion to dismiss. Earl has stated a claim on which relief could be granted.

THEREFORE, Defendant John D'Amaro's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (d/e 10) is DENIED as to Counts IV and VI and ALLOWED as to Count V. Count V is dismissed without prejudice, but Counts IV and VI remain.

IT IS THEREFORE SO ORDERED.

ENTER: June 22, 2009

    FOR THE COURT:

                                s/ Jeanne E. Scott
                              JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE