IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PATRICIA ANN EARL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-3224 |
| | ) | |
| H.D. SMITH WHOLESALE | ) | |
| DRUG CO. and JOHN D'AMARO, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Plaintiff Patricia Ann Earl's Second Motion for Leave to File *Instanter* (Motion) (d/e 43), to which she attached her Motion to Strike H.D. Smith's Affirmative Defenses and Memorandum in Support thereof as Exhibit 1, and Motion to Strike D'Amaro's Affirmative Defenses and Memorandum in Support thereof as Exhibit 2 (collectively Motions to Strike). Defendant H.D. Smith Wholesale Drug Co. (H.D. Smith) has filed its Response to Plaintiff's Motion for Leave to File Motion to Strike Instanter (d/e 47), and Defendant John D'Amaro (D'Amaro) has filed his Response to Plaintiff's Motion for Leave to File

1

Motion to Strike *Instanter* (d/e 48).

For the following reasons, Plaintiff's Motion is denied.

## FACTS

Plaintiff Patricia Ann Earl (Earl) filed the Complaint in this matter on October 9, 2008, alleging employment discrimination in violation of federal law, breach of contract, and tort claims. Complaint (d/e 1). Defendant H.D. Smith filed a Motion to Dismiss (d/e 13) Count VI of the Complaint against it, which the Court granted. Text Order of December 18, 2008. H.D. Smith filed its Answer on December 4, 2008. H.D. Smith's Answer to Plaintiff's Complaint and Demand for Jury Trial (d/e 15). Defendant D'Amaro also filed a Motion to Dismiss (d/e 10), which was granted as to Count V of the Complaint. Opinion of June 22, 2009 (d/e 24). D'Amaro filed an Answer on July 10, 2009, and then filed an Amended Answer on August 4, 2009. D'Amaro's Answer to Plaintiff's Complaint and Demand for Jury Trial (d/e 25); D'Amaro's Amended Answer to Plaintiff's Complaint and Demand for Jury Trial (d/e 29). Both Defendants' Answers contain several affirmative defenses.

On October 16, 2009, Plaintiff improperly filed a Motion to Strike H.D. Smith's Affirmative Defenses (d/e 34) and a Motion to Strike

D'Amaro's Affirmative Defenses (d/e 36), in conjunction with a Motion for Leave to File *Instanter* (d/e 38). The Court denied the Motion for Leave to File *Instanter* without prejudice and struck the Motions for Plaintiff's failure to comply with Local Rules. Text Order of October 19, 2009. Plaintiff filed the instant Motion on October 20, 2009, properly attaching the proposed Motions to Strike as exhibits pursuant to this District's Administrative Procedures.

## ANALYSIS

Plaintiff asserts that Defendants have not pleaded true affirmative defenses, and that the defenses they have presented do not comply with Federal Rule of Civil Procedure 8. She admits that the Motions to Strike are not timely under Federal Rule of Civil Procedure 12(f), but claims that her failure to timely file was due to "inadvertence," and that Defendants would suffer no prejudice if the Court grants the Motion. Defendants counter that Plaintiff has provided no explanation for her "inadvertence," and to allow her to file the Motions to Strike would "effectively read the 20-day limitation period out of Rule 12(f)." H.D. Smith Response (d/e 47), 2.

Federal Rule of Civil Procedure 12(f) requires that a motion to strike an affirmative defense be filed within 20 days of being served with the

3

pleading containing such defense. FED. R. CIV. P. 12(f)(2). Here, it is undisputed that Plaintiff's Motions to Strike are untimely. Plaintiff waited 320 days after H.D. Smith filed its Answer before moving to strike its affirmative defenses, and 77 days after D'Amaro filed his Amended Answer before moving to strike his affirmative defenses. Plaintiff did not timely file the Motions to Strike, and therefore the Court denies her Second Motion for Leave to File *Instanter*.

The Court recognizes that several of Defendants' "affirmative defenses" are not true affirmative defenses, but the Court will deal with this issue at the pretrial conference or at summary judgment.

THEREFORE, Plaintiff's Second Motion for Leave to File *Instanter* (d/e 43) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: November 17, 2009

       FOR THE COURT:

                          s/ Jeanne E. Scott
                          JEANNE E. SCOTT
                          UNITED STATES DISTRICT JUDGE